Arthur E. Brown (*pro hac vice*)
Lori B. Leskin (*pro hac vice*)
Elie Salamon (*pro hac vice*)
ARNOLD & PORTER KAYE SCHOLER LLP
250 West 55th Street
New York, NY 10019-9710
Tel.: 212.836.8000
Fax: 212.836.8689
Arthur.Brown@arnoldporter.com
Lori.Leskin@arnoldporter.com

Oscar Ramallo (Bar No. 241487)
ARNOLD & PORTER KAYE SCHOLER LLP
777 South Figueroa Street, 44th Floor
Los Angeles, CA 90017-5844
Telephone: 213.243.4000
Facsimile: 213.243.4199
Oscar.Ramallo@arnoldporter.com

Attorneys for Defendant
SAMSUNG ELECTRONICS AMERICA, INC.

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

### SOUTHERN DIVISION

| | |
|---|---|
| ELLYN NORRIS and A.J. STONE, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>SAMSUNG ELECTRONICS AMERICA, INC.,<br><br>Defendant. | Case No. 5:23-cv-01496-JWH-JDE<br><br>**[PROPOSED] ORDER GRANTING DEFENDANTS' COORDINATED MOTION TO DISMISS AMENDED COMPLAINTS**<br><br>Date:   November 22, 2024<br>Time:   9:00 a.m.<br>Place:  Courtroom 9D<br>Judge:  Hon. John W. Holcomb |

This matter comes before the Court on Defendants BSH Home Appliances Corporation, Whirlpool Corporation, and Samsung Electronics America, Inc.'s (collectively, "Defendants") Coordinated Motion to Dismiss the *Hedrick* Third Amended Complaint, *Goldstein* Second Amended Complaint, and *Norris* Second Amended Complaint (collectively, "Amended Complaints").

Defendants move to dismiss the Amended Complaints on the following grounds: (1) Plaintiffs fail to adequately allege the existence of a defect in their respective gas cooking appliances; (2) Plaintiffs lack Article III standing to bring their claims and to pursue injunctive relief; (3) Plaintiffs' claims are barred by the First Amendment; (4) Plaintiffs' California state-law claims are barred for failure to provide pre-suit notice under Proposition 65; (5) Plaintiffs' state-law claims are preempted by the Energy Policy and Conservation Act ("EPCA"); (6) Plaintiffs fail to plead their omission-based fraud claims with sufficient particularity under Rule 9(b)'s heightened pleading standard; (7) Plaintiffs fail to adequately plead their implied warranty of merchantability claims; (8) Plaintiffs' unjust enrichment claims fail; and (9) Plaintiffs fail to adequately plead their prayer for punitive damages. The Court agrees and grants Defendants' motion.

*First*, Plaintiffs' failure to plausibly allege a defect dooms all of their claims. Because all of Plaintiffs' claims are predicated on the notion of fraud, they are subject to the heightened pleading standard set forth in Rule 9(b). Even so, Plaintiffs fail to adequately plead the existence of a defect, even under Rule 8(a). Plaintiffs do not, as they must, allege any facts that the alleged safety hazard manifests in the products that ***they purchased***. Nor do they allege the existence of any purported safety hazard in gas cooking appliances generally. Plaintiffs neither allege a specific level of pollutants produced by gas cooking appliances nor the existence of a causal link between any alleged amount of pollutants and adverse health effects, or that their own products emitted any such levels of unsafe pollutants. Plaintiffs' failure to allege the existence of a defect in Defendants' gas cooking appliances is fatal to all of Plaintiffs' claims.

*Second*, Plaintiffs fail to plausibly establish that they possess Article III standing to bring their claims. Plaintiffs' allegations fall well short of plausibly establishing an injury-in-fact because they do not allege that their appliances have malfunctioned, that they have personally suffered any physical harm from using their appliances, that they have been unable to cook food, or that they have suffered, or are substantially certain to suffer, health complications from use of their gas cooking appliances. *See Cahen v. Toyota Motor Corp.*, 147 F. Supp. 3d 955, 970 (N.D. Cal. 2015), *aff'd*, 717 F. App'x 720 (9th Cir. 2017). Because Plaintiffs do not plausibly plead an alleged defect, injury-in-fact, or economic standing through market forces, Plaintiffs lack Article III standing, and their claims are therefore dismissed.

In addition, Plaintiffs lack standing to seek injunctive relief. Plaintiffs are now admittedly aware of the alleged "defect" that they claim infects all of Defendants' gas cooking appliances, and therefore are at no future risk, imminent or otherwise, of being misled regarding any alleged health risks resulting from the use of such appliances. *See Martinez v. Mead Johnson & Co.*, 2022 WL 15053334, at *8 (C.D. Cal. Oct. 22, 2022).

*Third*, even if Plaintiffs had Article III standing, and this Court had jurisdiction over their claims, Plaintiffs' claims would still fail for other reasons. Plaintiffs' claims are barred by the First Amendment. Plaintiffs' claims seek to impose liability on Defendants for their failure to make certain commercial speech—namely, a warning of the health "risks" purportedly associated with the use of gas cooking appliances, or to compel them to make such a warning now. However, the First Amendment prohibits the government from "compelling sellers to warn consumers of a potential 'risk'" that has never been confirmed by any regulatory body and is the subject of "unresolved scientific debate." *Nat'l Ass'n of Wheat Growers v. Bonta*, 85 F.4th 1263, 1281, 1283 (9th Cir. 2023). Because the warning is neither "purely factual" nor "uncontroversial" given the unresolved scientific debate regarding any adverse health effects caused by gas appliance emissions, *see Zauderer v. Off. of Disciplinary Couns. of Sup. Ct. of Ohio*, 471 U.S. 626, 651 (1985), the Court reviews Plaintiffs' proposed warning under *Central Hudson* intermediate scrutiny.

1  *See Cent. Hudson Gas Elec. Corp. v. Pub. Serv. Comm'n of N.Y.*, 447 U.S. 557, 564 (1980).
2  While the government "has a substantial interest in preserving the health of its citizens,"
3  "compelling sellers to warn consumers of a potential 'risk' never confirmed by any
4  regulatory body—or of a hazard not 'known' to more than a small subset of the scientific
5  community—does not directly advance that interest." *Bonta*, 85 F.4th at 1283. The
6  studies, reports, and news articles Plaintiffs cite make clear that, throughout the relevant
7  time period, there has been (and continues to be) an unresolved scientific debate
8  surrounding the alleged health "risks" purportedly associated with the use of gas
9  appliances. Defendants had at the time of Plaintiffs' purchases—and continue to have—
10 a First Amendment right to refrain from warning consumers about those unconfirmed
11 "risks." Thus, Plaintiffs' requested relief—a warning about the purported health "risks"
12 associated with their gas appliances or damages for the lack of such a warning upon their
13 purchases—would violate Defendants' First Amendment rights against compelled
14 speech; thus, Plaintiffs' claims must be dismissed.

15 *Fourth*, Plaintiffs' California state-law claims, all of which are based on an alleged
16 failure to warn, are barred for failure to provide pre-suit notice under Proposition 65.
17 Proposition 65 prohibits companies from "knowingly and intentionally expos[ing] any
18 individual to a chemical known to the state to cause cancer or reproductive toxicity
19 without first giving clear and reasonable warning." Cal. Health & Safety Code § 25249.6.
20 "A private plaintiff may sue under the warning section of Proposition 65 only after he
21 has provided a 60-day notice of the alleged violation"; failure to do so "is fatal to a
22 plaintiff's claim." *Harris v. R.J. Reynolds Vapor Co.*, 2016 WL 6246415, at *2 (N.D. Cal.
23 Sept. 30, 2016); *Hanna v. Walmart Inc.*, 2020 WL 7345680, at *2 (C.D. Cal. Nov. 4, 2020).
24 As was the case in *Drake v. Haier US Appliance Sols. Inc.*, 2024 WL 590597, at *8 (N.D.
25 Cal. Feb. 13, 2024), *reconsideration denied*, 2024 WL 2273192 (N.D. Cal. May 20, 2024),
26 Plaintiffs' claims are all "entirely derivative of an unspoken Proposition 65 violation" and
27 thus "run[] afoul of Proposition 65's pre-suit requirements," which are "defects that
28 cannot retroactively be cured." Because Plaintiffs do not allege that they complied with

- 4 -

1  Proposition 65's pre-suit notice requirements, their California state-law claims must be
2  dismissed with prejudice.
3       *Fifth*, Plaintiffs' claims are all expressly preempted by the EPCA, which contains
4  a broad express preemption clause that bars state regulation concerning the energy use
5  of a "covered product," including gas ranges. 42 U.S.C. § 6297(c). Because the relief, if
6  granted, will result in the reduction of the quantity of energy (*i.e.*, natural gas) directly
7  consumed by a gas range at point of use, and these claims would "significantly burden
8  manufacturing, marketing, distribution, sale, or servicing of the covered product on a
9  national basis," 42 U.S.C. § 6297(d)(3), Plaintiffs' claims "wade[] into a domain
10 preempted by Congress" and are preempted under the EPCA. *See Cal. Rest. Ass'n v. City
11 of Berkeley*, 89 F.4th 1094, 1098 (9th Cir. 2024) (holding that because a local building code
12 prohibited the natural gas piping necessary to run covered natural gas appliances, it
13 indirectly prohibited the use of natural gas appliances and was therefore preempted by
14 ECPA). Moreover, because Plaintiffs' claims and the relief sought are based on an alleged
15 failure to include a warning label on Defendants' gas cooking appliances, those state-law
16 claims are all likewise preempted by EPCA's labeling provision under 42 U.S.C.
17 § 6297(a), because Plaintiffs' proposed labeling warning necessarily constitutes "the
18 disclosure of information with respect to any measure of energy consumption . . . of any
19 covered product . . . other than information required under" federal law. 42 U.S.C.
20 § 6297(a)(1).
21      *Sixth*, Plaintiffs' omission claims under the UCL, CLRA, and for fraudulent
22 omission all sound in fraud and fail to satisfy Rule 9(b)'s heightened pleading standard.
23 As discussed above, Plaintiffs fail to plead with particularity the existence of a specific
24 defect in their appliances. In addition, Plaintiffs fail to plead with any particularity
25 Defendants' pre-sale knowledge of the alleged defect, that Defendants had a duty to
26 disclose, or that Plaintiffs relied on any purported omission, each of which are
27 independent bases for dismissal.
28

*Seventh*, Plaintiffs' implied warranty of merchantability claims under the Song-Beverly Act and UCC also fail to state a claim upon which relief may be granted. Plaintiffs fail to allege that their gas appliances do not conform to the industry standard because they allege a common defect in **every** gas appliance in the industry. But accepting that allegation would nullify the UCC's instruction that a product is merchantable as long as it "pass[es] without objection in the trade." U.C.C. § 2-314(2)(a); *see Red v. Gen. Mills, Inc.*, 2015 WL 9484398, at *6 (C.D. Cal. Dec. 29, 2015). Further, because Plaintiffs' allegations do not support a plausible inference that the alleged defect has manifested or is substantially certain to manifest ***in their appliances***, they fail to plausibly allege that their appliances are unfit for their ordinary use.

In addition, the *Hedrick* and *Norris* Plaintiffs' appliances came with user manuals that included express warranties disclaiming all implied warranties after a certain time period, which had expired by the time the *Hedrick* and *Norris* Plaintiffs filed suit. *See, e.g., Davidson v. Apple, Inc.*, 2017 WL 976048, at *14-15 (N.D. Cal. Mar. 14, 2017) (dismissing implied warranty claims where allegedly defective product included Limited Warranty disclaiming implied warranties). Those disclaimers satisfy California's and Illinois's conspicuousness standards, as "a reasonable person would notice" them within BSH's and Samsung's manuals. *See Dang v. Samsung Elecs. Co.*, 2018 WL 11348883, at *6 (N.D. Cal. July 2, 2018).

Accordingly, Plaintiffs' implied warranty of merchantability claims under the Song-Beverly Act and UCC are dismissed.

*Eighth*, Plaintiffs' unjust enrichment claims fail because Plaintiffs do not allege with particularity under Rule 9(b) that a benefit was conferred through mistake, fraud, coercion, or request, or that Defendants' retention of any benefit violates fundamental principles of justice, equity, or good conscience, thus defeating their unjust enrichment claims. *See Goodwin v. Countrywide Home Loans, Inc.*, 578 F. App'x 688, 689 (9th Cir. 2014) (dismissing unjust enrichment claim for failure to plead fraud with particularity under Rule 9(b)).

*Finally*, Plaintiffs' prayers for punitive damages are wanting and must be dismissed because Plaintiffs continue to plead no plausible facts establishing their entitlement to punitive damages.

Accordingly, for the foregoing reasons, **IT IS HEREBY ORDERED** that Defendants' motion to dismiss is **GRANTED** and Plaintiffs' claims are **DISMISSED WITHOUT LEAVE TO AMEND**. Final judgments will issue separately. The Clerk of Court is directed to close the dockets in these actions.

**IT IS SO ORDERED**.

Dated: _____, 2024

                                                              Honorable John W. Holcomb
United States District Judge